IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jeanette McBride, individual capacity; ) <br> Richland County Clerk of Court, ) <br>  in its official capacity, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.  9:13-2671-BHH-BM <br> <br> <br> **REPORT AND** <br> **RECOMMENDATION** |

   This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C.§ 1983.  Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the Defendant Jeanette McBride, Richland County (SC) Clerk of Court.

   The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 28, 2014.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 29, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted, thereby ending his case.  After having been granted two extensions of time to respond to the Defendant's motion, Plaintiff filed a response in opposition on August 18, 2014.[1]

---

  [1]In his response, Plaintiff complains that he has been denied access to relevant material evidence in this case, without which he "cannot prove my claim".  However, the docket of this case reflects that, pursuant to a motion of the Plaintiff, the discovery and dispositive motions deadlines were extended.  See Court Docket No. 25.  Plaintiff has also filed two motions to compel, as well



1

Defendant's motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified Complaint,[3] <u>in</u> <u>toto</u>, as follows:

On or about June 2012 Plaintiff filed several motions with the Rich. Co. Clerk of Court (Def. J. McBride). Def. McBride refuses to place any of these motions before the court nor will she respond to plaintiff's inquiries as to why his motions are not being placed before the court. This action by Def. McBride violates plaintiff's first, sixth, and fourteenth amendment rights under the U.S. Const.

Plaintiff seeks an order from this Court directing the Defendant to place his motions on the docket, as well as monetary damages in the amount of $25,000.00. <u>See</u> <u>generally</u>, <u>Verified Complaint</u>.

In support of summary judgment in the case the Defendant has submitted an affidavit wherein she attests that she is the elected Clerk of Court for Richland County, South Carolina, where her duties consist of, but are not limited to, maintenance of all court records, docket management, jury management, compilation of trial lists, and staffing the courtroom while court is in session. Defendant further attests that, while Plaintiff does not specifically identify which particular Richland County Court of Common Pleas civil action he is referencing, it appears that Plaintiff is referring to Civil Action No. 2005-CP-40-1074, a case in which Plaintiff is suing the SCDC.

---

as a "Rule 56(d) motion", all of which have been ruled on by the Court. <u>See</u> Court Docket Nos. 27, 29, 30, 32, 36, 38, 40, 42. Defendant's motion for summary judgment has now been pending for four months, and Plaintiff has therefore had ample time to prepare a response in this matter.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro</u> <u>se</u> litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).



McBride attests that, as of the date of her affidavit (April 25, 2014), Civil Action No. 2005-CP-40-1074 is on appeal status. McBride further attests that the Richland County Clerk of Court's Office records show that Plaintiff filed a motion to amend his complaint dated January 9, 2012 (Exhibit A to her Affidavit), a motion to compel dated February 13, 2012 (Exhibit B to her Affidavit), and a second motion to compel dated March 25, 2012 (Exhibit C to her Affidavit). McBride also attests that there were numerous exhibits attached to Plaintiff's second motion to compel, which included a motion for a temporary restraining order (attached as Exhibit D to her Affidavit). McBride attests that the Richland County Clerk of Court's Office has no record of Plaintiff filing any motions in the above referenced case since March 25, 2012.

McBride attests that a notice was sent to both parties on May 16, 2012 that Plaintiff's motions would be heard on June 7, 2012, and that according to Court records, a hearing was held on Plaintiff's motions on that date before Judge Ernest Kinard. McBride attests that, according to court records, Plaintiff advised Judge Kinard that he did not want his motion to amend his complaint heard until his declaratory judgment action had been decided. McBride further attests that at the conclusion of oral arguments, Judge Kinard ruled that Plaintiff's two motions to compel were denied, with Judge Kinard further instructing counsel for the Defendant SCDC to prepare an order based on his oral ruling. McBride attests that, after the conclusion of the hearing, Plaintiff filed a document entitled "Plaintiff's objection and appeal of court order" with the Richland County Clerk of Court's Office date June 12, 2012 (attached as Exhibit E to her Affidavit). McBride attests that Plaintiff's case was then placed on "appeal status" as a result of that filing.

McBride attests that when a case is on appeal status there is no attempt to schedule any proceedings, as the Richland County Court of Common Pleas no longer has jurisdiction over the

3



matter because it is on appeal to the South Carolina Court of Appeals. McBride attests that once the Richland County Clerk of Court's Office receives the remittitur from the Court of Appeals, the case is removed from appeal status and placed on active status. McBride attests that (as of the date of her affidavit), the Richland County Clerk of Court's Office has not received a remittitur from the Court of Appeals for Plaintiff's case, and therefore the Richland County Clerk of Court's Office has not scheduled any proceedings in that case.

McBride attests that after receiving the Complaint in the above captioned matter on or about October 22, 2013, a staff member for the Richland County Clerk of Court's Office communicated with the South Carolina Court of Appeals to ascertain whether Plaintiff had filed his objection and appeal of court order with the Court of Appeals, and that after conferring with the Court of Appeals, it was determined that Plaintiff had not filed that document with the Court of Appeals. McBride attests that, as a result of this finding, it has been determined that Plaintiff has not appealed Judge Kinard's June 7, 2012 ruling, despite having filed a document designated as "Objection and appeal of court order", and that, as such, the Richland County Clerk of Court's Office is going to remove the appeal status from Plaintiff's case and place it back on active status. McBride further attests that Plaintiff's motion for temporary restraining order (attached Exhibit D to her Affidavit) has now been filed as a separate motion, has been placed on the docket, and is scheduled to be heard on May 8, 2014.[4]

Finally, McBride attests that she had no personal involvement in any of the allegations contained in Plaintiff's Complaint, that she has not violated any of Plaintiff's rights, nor is she aware of any of her employees having violated Plaintiff's rights. See generally, McBride

---

[4]The Court has not been advised of the result of any hearing on that motion.



Affidavit, with attached Exhibits.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendant is entitled to summary judgment in this case.

Initially, Defendant argues that Plaintiff's claim for injunctive relief asserted against her in her official capacity is moot, as the only motion filed by the Plaintiff that has not been heard (as of the date of the filing of the motion for summary judgment on April 28, 2014) was Plaintiff's motion for a temporary restraining order, which was scheduled to be heard on May 8, 2014.



Defendant argues that the placement of Plaintiff's sole remaining motion on the Richland County motions roster as requested in his Complaint resolves that issue, and there is therefore no longer any injunctive and/or declaratory relief to be granted. The undersigned agrees. See United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980) [Noting that the issue in controversy must "exist at the commencement of the litigation . . . [and] must continue throughout its existence"]; Powell v. McCormack, 395 U.S. 45, 496 (1969) ["[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome"]. As Plaintiff has received the injunctive and/or declaratory relief requested in his Complaint, his claim for injunctive and/or declaratory relief is moot, and should be dismissed.

With respect to Plaintiff's claim for damages, Defendant correctly notes that Clerks of Court are generally afforded quasi-judicial immunity from suit on claims involving "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune". Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); see also Ross v. Baron, 493 Fed.Appx. 405, 406 (4th Cir. 2012) [Court Clerk is generally entitled to quasi-judicial immunity]. Based on the facts and evidence before this Court, which show that the actions of the office of the Clerk of Court with respect to the handling of Plaintiff's case were performed pursuant to the regular docketing procedures of the Court of Common Pleas, there is no reason for this Court to find that the Defendant is not entitled to quasi-judicial immunity in this case. Cf. Wiley v. Buncombe County, 846 F.Supp.2d 480, 485 (W.D.N.C. 2012) [Quasi-judicial immunity applied to Clerk who allegedly failed to deliver judge's writ of habeas corpus to the appropriate parties]; Martin v. Rush, No. 13-693, 2013 WL 2285948, at * 5 (D.S.C. 2013) [Applying Quasi-judicial immunity Clerk who allegedly failed to provide him with a hearing transcript despite his request]; Robinson

6



v. McBride, No. 13-352, 2013 WL 2099491, at * 4 (D.S.C. 2013) [Applying Quasi-judicial immunity to Clerk who allegedly failed to properly process Plaintiff's notice of appeal], adopted by, 2013 WL 2099707 (D.S.C. May 14, 2013), aff'd, 540 Fed.Appx. 212 (4th Cir. 2013); Wymore v. Green, 245 Fed.Appx. 780, 783 (10th Cir. 2007) [Affirming District's Court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents].

Additionally, even if the Defendant in this case was not entitled to quasi-judicial immunity, Plaintiff has presented no evidence whatsoever to show a violation of his constitutional rights by this Defendant. First, Plaintiff has presented no evidence to show that McBride played any role in the events at issue. McBride attests in her affidavit that all of the filings at issue in this case were handled by staffers in her office, and that she "had no personal involvement in any of the allegations contained in the Plaintiff's Complaint". The doctrines of vicarious liability and respondeat superior are not applicable to § 1983 cases; Vinnedge v. Gibbs, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977); and therefore Plaintiff must have presented evidence to show that McBride had "personal knowledge of and involvement in the alleged depravation of [Plaintiff's] rights" in order to be liable. Harveck v. Smith, 814 F.Supp.2d 608, 627 (E.D.Va. 2011), citing Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Plaintiff has presented no such evidence. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations].

Further, even if McBride had been involved in the events and actions at issue, Plaintiff has presented no evidence to show that any improper action was taken with respect to his



filings in his case, or that he suffered any injury resulting from the conduct alleged.  Therefore, Plaintiff has failed to establish any ground for relief.  Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Lewis v. Casey, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue].  Plaintiff's claim is without merit.

## Conclusion

Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Such is the case here.  Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 25, 2014
Charleston, South Carolina

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

